The appeal is from a judgment in a trespass action on the ground of inadequate damages.
Earl Manning sued Coleman White in trespass for cutting timber on fifty-two acres of land to which plaintiff held record title. White, in turn, filed a third-party action against the record owners of certain land from whom he had received authority to cut certain timber. The third-party defendants claimed the greater portion of the land from which the timber was cut was their land by adverse possession. It is undisputed that White cut twenty-six trees on lands owned by Manning and outside the acreage in dispute. Moreover, there is no specific evidence in the record as to the before and after value of the land from which these twenty-six trees were cut. However there was extensive proof as to the number and value of the trees cut on the entire fifty-two acres, which would include the land owned by plaintiff, as well as proof of other damage to the acreage cut by the defendant.
The jury returned a verdict for plaintiff and against defendant and awarded plaintiff damages in the amount of $1,000. The effect of the jury's verdict for the third-party defendants was to affirm their claim of adverse possession to a major portion of that acreage on which plaintiff claimed defendant had trespassed by cutting timber therefrom.
After his motion for new trial was overruled, plaintiff appealed to this court. He now argues that the damages awarded him are inadequate and unsupported by the evidence.
When a judgment is challenged on the ground of inadequacy of damages, the reviewing court attempts to ascertain from the record whether the judgment is the result of improper motive or improper influence on the jury, and, in the absence of such, whether the verdict gives substantial compensation for substantial injury. Hardy Insurance Co. v. Baumhauer-CroomInsurance, 339 So.2d 584 (Ala.Civ.App. 1976). Moreover, a jury verdict is presumed correct and the presumption of correctness is strengthened where the trial court has denied a motion for new trial. Cox v. Herrington, 416 So.2d 968 (Ala. 1982).
The measure of damages for trespass to land when trees have been cut is the difference between the value of the land before the cutting and its value immediately after the cutting. Hoganv. Alabama Power Co., 351 So.2d 1378 (Ala.Civ.App. 1977).
Although plaintiff offered substantial proof of the damages to the fifty-two *Page 855 
acres in question, he failed to offer specific proof of the damages to that portion of the fifty-two acres deemed by the jury to be owned by him. In the absence of such proof, the jury could assess only those damages resulting to the land plaintiff actually owned based upon the proof offered as to the entire tract. This they did by awarding plaintiff $1,000 as damages. Based on the record before us, we cannot say that the jury's award is inadequate.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.